IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMA JEAN CLARK | § | |
| Plaintiff, | § § § | |
| VS. | § § | NO. 3-10-CV-1946-BD |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | § § § | |
| Defendant. | § § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Norma Jean Clark seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including high blood pressure, diabetes, Gilbert's disease,[1] knee pain, arthritis, hives, and a mood disorder. After her applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 5, 2009. At the time of the hearing, plaintiff was 52 years old. She is a high school graduate, attended college for one year, and has past work experience as a telephone solicitor, an interview clerk, a data entry clerk, and a collection clerk. Plaintiff has not engaged in substantial gainful activity since May 17, 2007.

---

[1] Gilbert's disease is a genetic condition manifested by a benign elevation of unconjugated bilirubin with no liver damage or hematologic abnormalities. *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY at 1756 (29th ed. 2000).

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from diabetes, residuals from knee surgery, obesity, and depression, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a cleaner/housekeeper, a bakery worker, and a garment sorter -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In one broad ground for relief, plaintiff contends that the assessment of her residual functional capacity is not supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must

scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff challenges the finding that she has the residual functional capacity to perform a limited range of light work. (*See* Plf. MSJ Br. at 8-12). Instead, plaintiff maintains that her chronic knee problems limit her to sedentary work, and the ALJ should have found her disabled based on

Grid Rule 201.14 of the Medical-Vocational Guidelines.[2] (*Id.* at 13-14). Plaintiff further contends that the ALJ failed to make a "function-by-function" assessment of her residual functional capacity and an explicit finding that she can perform work on a regular and continuing basis. (*Id.* at 10-12).

"As factfinder, the ALJ has the sole responsibility for weighing the evidence and choosing whichever limitations are most supported by the record." *Musgrove v. Astrue*, No. 3-07-CV-0920-BD, 2009 WL 3816669 at *6 (N.D. Tex. Nov. 13, 2009), *citing Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Here, the ALJ properly weighed all the evidence and rejected plaintiff's claim that her knee impairment limits her to sedentary work. Specifically, the ALJ found that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day with the option to change position or stand and stretch for two minutes every 30 minutes throughout the day. (*Id.* at 50). The ALJ also found that plaintiff could frequently stoop and occasionally crouch, crawl, kneel, and climb ramps and stairs, but could never climb ladders, ropes or scaffolds, balance, operate a motorized vehicle, work in temperature extremes, or work in proximity to hazards such as unprotected heights and moving machinery. (*Id.*). These findings are consistent with objective medical evidence in the record, including medical opinions offered by an examining physician and a state agency medical consultant.

In a comprehensive medical evaluation dated January 10, 2008, Dr. Philip Seu, a board certified surgeon, observed that plaintiff walked with a slight limp on the left side and demonstrated some discomfort with weight bearing, but was able to get on and off the exam table. (*Id.* at 297). Upon examination, Dr. Seu found that plaintiff had mild tenderness in her left knee with decreased

---

[2] Under the Medical-Vocational Guidelines, a finding of disability is directed for a claimant who is closely approaching advanced age, is a high school graduate, has no transferable skills, and is restricted to sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.14.

range of motion, full motor strength in her lower extremities, and otherwise normal physical findings. (*Id.* at 298-99). Due to the tenderness and decreased range of motion in her left knee, Dr. Seu determined that plaintiff would be able to stand or walk for only six hours in an eight-hour work day, would need to use a cane for walking long distances, and would have difficultly with frequent crouching. (*Id.* at 299). However, plaintiff would be able to lift and carry 20 pounds occasionally and 10 pounds frequently, and would not be limited in the number of hours she could sit during an eight-hour day. (*Id.* at 299-300). Similar findings were made by Dr. Thien P. Nguyen, a state agency medical consultant. In a physical residual functional capacity questionnaire dated January 18, 2008, Dr. Nguyen noted that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, and could stand, walk, and sit for about six hours in an eight-hour work day. (*Id.* at 302). Dr. Nguyen also found that plaintiff could frequently stoop and occasionally kneel, crouch, crawl, and climb ramps and stairs, but could never climb ladders, ropes or scaffolds. (*Id.*). These expert medical opinions constitute substantial evidence to support the finding that plaintiff can perform a limited range of light work. *See, e.g. Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (detailed report from consultative physician can constitute substantial evidence to support RFC finding); *Bowman v. Heckler*, 706 F.2d 564, 567 (5th Cir. 1983) (written medical reports by licensed physicians who have examined the claimant may constitute substantial evidence); *Brown v. Astrue*, No. 3-08-CV-0255-D, 2009 WL 64117 at *4 (N.D. Tex. Jan. 12, 2009) (function-by-function RFC assessment prepared by state agency medical consultant constitutes substantial evidence); *Zeno v. Barnhart*, No. 1-03-CV-649, 2005 WL 588223 at *9 (E.D. Tex. Feb. 4, 2005) (same).

Contrary to the assertion made by plaintiff in her brief, the medical evidence "as a whole" does not indicate that she is unable to perform the exertional demands of light work. (*See* Plf. MSJ Br. at 12). Although plaintiff complained of chronic knee pain and was diagnosed with a torn medial

meniscus and degenerative joint disease in her left knee, (*see* Tr. at 234, 236-37, 250, 255, 256, 260, 296, 327-29, 334, 342, 404-05, 511, 515), there is no objective medical evidence that these impairments limit her to sedentary work. Significantly, no treating physician ever indicated that plaintiff could perform only sedentary work due to her knee impairments. The ALJ's residual functional capacity assessment incorporates all the limitations that are supported by the record. Because there is no objective medical evidence that supports a contrary conclusion, plaintiff cannot demonstrate error in this regard.

Nor was the ALJ required to explicitly engage in a "function-by-function" analysis of plaintiff's residual functional capacity. Although the social security regulations require an assessment of work-related abilities on a "function-by-function basis," *see* SSR 86-8p, 1996 WL 374184 at *1 (SSA 1996), an ALJ may rely on a "function-by-function" assessment performed by a state examiner. *See Beck v. Barnhart*, 205 Fed.Appx. 207, 213-14, 2006 WL 3059955 at *5 (5th Cir. Oct. 27, 2006); *Onishea v. Barnhart*, 116 Fed.Appx. 1, 2, 2004 WL 1588294 at *1 (5th Cir. Jul. 16, 2004). Here, Dr. Nguyen performed a "function-by-function" analysis of plaintiff's residual functional capacity. (*See* Tr. at 302). The ALJ was entitled to rely on that assessment without repeating the exercise. *Onishea*, 2004 WL 1588294 at *1; *see also Latham v. Astrue*, No. 7-07-CV-086-BD, 2008 WL 4635396 at *3 (N.D. Tex. Oct. 15, 2008); *Zeno*, 2005 WL 588223 at *9. Nor was the ALJ required to make a specific finding that plaintiff can perform work on a regular and continuing basis. Where, as here, the ALJ cites the appropriate regulations in his ruling, (*see* Tr. at 49, *citing* 20 C.F.R. §§ 404.1545(b), 416.945(b) & SSR 96-8p), there is no need for a specific finding that the claimant can maintain employment. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003); *Rodriguez v. Comm'r of Social Security Admin.*, No. 7-06-CV-151-BH, 2008 WL 1958985 at *12 (N.D. Tex. Apr. 29, 2008).

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: September 8, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE